IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-02971-WYD-KMT

TOUCHSTONE GROUP, LLC on behalf of itself and all others similarly situated,

    Plaintiff,

v.

DANIEL J. RINK;
TATUM, LLC;
SFN GROUP, INC.;
CHRISTOPHER FLANNERY;
ASTOR, WEISS, KAPLAN & MANDEL LLP;
ESTILL & LONG, LLC
STEVEN GRANOFF, CPA;
KRASSENSTEIN, GRANOFF & UNGER, LLC
CARBON DIVERSION, INC.;
TRACS GROWTH INVESTMENT; and
JOHN DOES 1-100

    Defendants.

---

ORDER

---

THIS MATTER is before the Court on Plaintiffs' Fed. R. Civ. P. 56(d) Motion to Deny Summary Judgment or to Defer Plaintiffs' Opposition to the Tatum Defendants' Motion for Summary Judgment, filed April 23, 2012 [ECF No. 53].

This is a class action brought under federal and state securities laws, to recover damages resulting from a Ponzi scheme orchestrated by an entity known as Mantria Corporation ("Mantria") from approximately September 2007 to November 16, 2009.  In the Complaint, Plaintiff alleges that Defendant Tatum, LLC ("Tatum"),[1] a firm that

---

[1] Defendant SFN Group, Inc. is the parent company of Defendant Tatum. Collectively, these entities will be referred to as the "Tatum Defendants."

provides companies with interim executives, contracted with Mantria to have Defendant Daniel Rink ("Rink") function a member of Mantria's three-person Executive Committee and as its CFO.  According to the Complaint, Defendant Rink was employed by and acted at the direction of Tatum in performing his duties at Mantria.  Plaintiff further alleges that "[a]ccording to the terms of Tatum's standard Executive Services Agreement . . . Mantria paid Tatum directly for Tatum's services and interim CFO of Mantria."  Complaint at ¶ 60.

Plaintiff brings several claims against the Tatum Defendants including claims for violation of section 10(b) and of The Exchange Act and Rule 10b-5, violation of section 20(a) of The Exchange Act, state securities and fraudulent transfer laws, and other common law claims.  Plaintiff maintains that the Tatum Defendants are liable as direct participants and, by reason of their status as senior executive officers and/or directors, were "controlling persons" within the meaning of Section 20(a) of the Exchange Act.  Complaint at ¶ 19.

On March 29, 2012, the Tatum Defendants filed a twenty-eight page motion to dismiss.  One of the arguments asserted by Tatum is that it does not maintain oversight over companies seeking its services, and that the Interim Executive Services Agreement ("Interim Agreement") between Tatum and Mantria, specifically refutes any allegation that Tatum had control, oversight or supervision over Mantria and Defendant Rink. Although Tatum attached a copy of the Interim Agreement as Exhibit A to its motion to dismiss, I did not automatically convert the motion to dismiss to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) because Tatum represented that the Interim Agreement was the contract "referenced in the Complaint."  In deciding a

motion to dismiss, a court may review a document referred to in a complaint if the document is central to the plaintiff's claim and the parties do not dispute the authenticity of the document. *Jacobson v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

Shortly after the motion to dismiss was filed, Plaintiff filed a motion to strike or exclude, asserting that the Interim Agreement attached to the motion to dismiss is *not* the contract referenced the Complaint, is not central to Plaintiff's claims, and is not indisputably authentic[2]. I granted the motion to strike in part and converted the motion to dismiss to a motion for summary judgment.

When a motion to dismiss is converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d), the court *must* allow all parties a reasonable opportunity to present all materials pertinent to the motion. Plaintiff filed the instant motion pursuant to Fed. R. Civ. P. 56(d),[3] which gives the court discretionary power to deny summary judgment or order a continuance when the party in opposition to the motion cannot provide supporting affidavits, or specific facts essential to justify its position. *See Hackworth v. Progressive Cas. Ins. Co.*, 468 F.3d 722, 732 (10th Cir. 2006). Therein, Plaintiff states that it needs to obtain additional discovery in order to respond to the motion for summary judgment. However, as both Plaintiff and the Tatum

---

[2] Plaintiffs have since filed a Notice of Errata indicating that the document referenced in ¶ 60 of the Complaint is a standard form agreement used by Tatum with its clients, copied from the files of unrelated litigation. This fact does not alter the analysis herein.

[3] In 2010 Rule 56 was amended and the new subsection (d) carried forward without substantial change the provisions of former subsection (f).

Defendants correctly note, discovery in this case has been automatically stayed pursuant to the Private Securities Litigation Reform Act ("PSLRA"). The PSLRA provides for an automatic stay of all discovery during the pendency of a motion to dismiss claims brought under the Exchange Act.   15 U.S.C. § 78u-4(b)(3)(B).  The purpose of the automatic discovery stay is to all the court to determine the "legal sufficiency of a complaint alleging securities fraud before corporate defendants are forced to engage in costly discovery, which in turn may unfairly coerce early settlement." *In re Spectranetics Corp. Sec. Litig.*, 2009 WL 33446611, at *2 (D. Colo., Oct. 14, 2009) (citing *In re Carnegie Int'l Corp. Sec. Litig.*, 107 F.Supp.2d 676, 682-83 (D. Md. 2000).

While it would not be appropriate lift or modify the automatic stay at this time, it would also be unfair to deny Plaintiff a chance to fully respond to the Tatum Defendants' converted motion for summary judgment.  Therefore, after careful consideration of the automatic stay provisions in the PSLRA, the instant motion, and Plaintiff's motion to strike or exclude, I find the best course of action is to withdraw my order converting the Tatum Defendants' motion to dismiss to a motion for summary judgment, and exclude from consideration any reference to the Interim Agreement in ruling on the Tatum Defendants' motion to dismiss.

Therefore, it is hereby

ORDERED that Plaintiffs' Fed. R. Civ. P. 56(d) Motion to Deny Summary Judgment or to Defer Plaintiffs' Opposition to the Tatum Defendants' Motion for Summary Judgment, filed April 23, 2012 [ECF No. 53] is **DENIED**.  It is

FURTHER ORDERED that my Order denying Plaintiff's Motion to Strike or

Exclude, and converting the Tatum Defendants' Motion to Dismiss to a Motion for Summary Judgment, entered April 20, 2012 [ECF No. 48] is **WITHDRAWN**. It is

FURTHER ORDERED that Plaintiff's Motion to Strike or Exclude, filed April 18, 2012 [ECF No. 43] is **GRANTED** as set forth herein. It is

FURTHER ORDERED that Plaintiff shall respond to the Tatum Defendants' motion to dismiss within 21 days of the date of this Order.

Dated: May 17, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge