IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-02971-WYD-KMT

TOUCHSTONE GROUP, LLC on behalf of itself and all others similarly situated,

   Plaintiff,
v.

DANIEL J. RINK;
TATUM, LLC;
CHRISTOPHER FLANNERY;
ASTOR, WEISS, KAPLAN & MANDEL LLP;
ESTILL & LONG, LLC
STEVEN GRANOFF, CPA;
KRASSENSTEIN, GRANOFF & UNGER, LLC
CARBON DIVERSION, INC.;
TRACS GROWTH INVESTMENT; and
JOHN DOES 1-100

   Defendants.

## ORDER DENYING MOTION TO CONSOLIDATE

THIS MATTER is before the Court on Interested Party John Paul Anderson's ("Anderson") Motion to Consolidate [ECF No. 42], filed April 3, 2012.  In the Motion, brought pursuant to Rule 42 of the Federal Rules of Civil Procedure, Anderson asks the Court to consolidate this Action with *Anderson v. Astor Weiss Kaplan & Mandel, LLP*, *et al.*, No. 1:12-cv-00488-RBJ (D. Colo.), pending before Judge R. Brooke Jackson of this Court ("the Receiver Action").  Anderson filed an identical motion in the Receiver Action, in which he is the plaintiff, on April 3, 2012.  Because the instant case is the lower numbered case, I will rule on the proposed consolidation.  *See*  D.C.COLO.LCivR 42.1.

On May 11, 2012, several responses to the Motion were filed by various Defendants: Steven Granoff and Krassenstein, Granoff & Unger, LLC [ECF No. 76]; Estill & Long, LLC [ECF No. 77]; Daniel J. Rink [ECF No. 78]; Astor, Weiss, Kaplan & Mandel LLP and Christopher P. Flannery ("the Attorney Defendants") [ECF No. 79]; and Tatum, LLC and SFN Group, Inc. [ECF No. 80].[1] The Attorney Defendants and Defendant Rink have indicated that they do not oppose consolidation for the limited purpose of discovery.[2]

For the reasons stated herein, the Motion is denied without prejudice.

## BACKGROUND

This Action and the Receiver Action both arise from an alleged Ponzi scheme involving an entity known as Mantria Corporation ("Mantria") and the related entity Speed of Wealth, LLC ("Speed of Wealth"). On November 16, 2009, in a case before Judge Christine M. Arguello of this Court ("the SEC Action"), the Securities and Exchange Commission sued Mantria's principal shareholders to enjoin the alleged scheme. *See SEC v. Mantria Corp., et al.*, Civil Action No. 09-cv-2676-CMA-MJW (D. Colo.). On April 30, 2010, Judge Arguello appointed Anderson as Receiver for Mantria and its related companies. On August 5, 2011, Judge Arguello granted the SEC's Motion for Summary Judgment against Mantria, and on September 12, 2011, the Court

---

[1]Touchstone voluntarily dismissed Defendant SFN Group, Inc. pursuant to Rule 41(a)(1)(A)(i) on June 5, 2012.

[2]Anderson did not file a reply in this case, despite asking for and being granted an extension of time until June 6, 2012 to do so, but he did file a reply in the Receiver Action on June 6, 2012. I have reviewed that reply in the interests of justice.

entered judgment ordering, among other things, Mantria to pay nearly $40 million in restitution and penalties arising from its securities violations.

On November 15, 2011, Plaintiff Touchstone Group, LLC ("Touchstone") brought this Action to recover damages on behalf of a purported class of investors in securities issued or promoted by Mantria, Speed of Wealth, or any subsidiaries or affiliates. Touchstone brought statutory claims under the federal Securities Exchange Act, the Pennsylvania Uniform Fraudulent Transfer Act, the Colorado Uniform Fraudulent Transfer Act, the Pennsylvania Securities Act, and the Colorado Securities Act. Touchstone also brought common law claims for unjust enrichment and negligent misrepresentation. Defendants have filed several motions to dismiss on various grounds. Pursuant to the Private Securities Litigation Reform Act, discovery is currently stayed pending the outcomes of the motions to dismiss. *See* 15 U.S.C. § 78-u-4(b)(3)(B).

On February 25, 2012, Anderson, in his capacity as Receiver for Mantria, brought the Receiver Action. Anderson sought to recover, on behalf of Mantria, essentially the losses assessed against it in the SEC Action. Anderson asserted claims for legal malpractice, breach of fiduciary duty, aiding and abetting breach of a fiduciary duty, negligence, breach of contract, and unjust enrichment. The defendants in the Receiver Action have filed several motions to dismiss on various grounds. In addition, Defendant Tatum, LLC moved, as an alternative to dismissal, to compel arbitration and stay the Receiver Action. Anderson then stipulated to the stay on May 31, 2012.

The defendants in this Action and the Receiver Action are the same, except that this Action additionally names as Defendants Estill & Long, LLC, Carbon Diversion, Inc., Tracs Growth Investment, and unknown persons named as John Does 1-100 who received investor funds during the life of the scheme. Anderson now asks the Court to consolidate this Action with the Receiver Action.

## ANALYSIS

Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Consolidation is within the discretion of the Court. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The movant bears the burden of showing that consolidation is warranted. *Viesti Assocs., Inc. v. McGraw-Hill Cos.*, Civil Case No. 11-cv-01237-REB-DLW, 2012 U.S. Dist. LEXIS 60461, at *1 (D. Colo. May 1, 2012) (citing *Shump*, 574 F.2d at 1344). "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2383, at 35–36 (3d ed. 2008)); *see also Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994) ("If the cases involve a common question of law or fact, the Court should then weigh the interest of judicial convenience in consolidating the cases against the delay, confusion, and prejudice

consolidation might cause."); *Kirzhner v. Silverstein*, Civil Action No. 09-cv-02858-CMA-BNB, 2011 WL 3568265, at *2 (D. Colo. Aug. 15, 2011).

I find that consolidation is not warranted here because the potential preservation of resources does not outweigh the inconvenience, delay, and confusion that consolidation would cause. While both cases involve common facts surrounding the alleged Ponzi scheme and the role of various players in carrying out that scheme, the two cases involve different plaintiffs bringing different legal claims and representing different interests, and they are on different paths procedurally. As noted previously, in this Action, Touchstone brings claims under securities laws and for negligent misrepresentation and unjust enrichment on behalf of a putative class of investors in the alleged scheme. In the Receiver Action, Anderson represents the interests of Mantria in recouping the losses incurred in the SEC Action, and brings common law claims against many, but not all, of the same defendants for legal malpractice, breach of fiduciary duty, aiding and abetting breach of a fiduciary duty, negligence, breach of contract, and unjust enrichment.

There are two significant sets of differences in these cases that may result in prejudice to the parties and jury confusion. First, there are significant differences in questions of law, as demonstrated not only in the complaints but also in the several motions to dismiss filed in both cases. The only common legal issue in the two sets of motions to dismiss is the issue of personal jurisdiction as applied to some defendants. The arguments for dismissal for failure to state a claim under Rule 12(b)(6) in the two

cases do not overlap. The only common legal claim in the two cases is for unjust enrichment, and even those two claims may be different in nature.

Second, the plaintiffs in the two cases represent different interests, and indeed the natures of the two cases are fundamentally different. This Action is brought not only against those "select individuals" who allegedly carried out the Ponzi scheme, *see* Receiver Action Compl. ¶¶ 58-59, but also Estill & Long, LLC, Carbon Diversion, Inc., Tracs Growth Investment, and any other unknown persons who profited from the Ponzi scheme, who are named as John Does 1-100. In the Receiver Action, Anderson alleges, on behalf of Mantria, that certain individuals carried out the scheme unbeknownst to other individuals within Mantria, which began as a legitimate corporation. *See* Receiver Action Compl. ¶¶ 58-60. The complaint in this Action contains no such suggestions – the investors' allege that Mantria and Speed of Wealth carried out the scheme. *See, e.g.*, Compl. ¶ 46 ("Unbeknownst to investors . . . Mantria and Speed of Wealth were operating an elaborate Ponzi scheme."). Furthermore, the damages that Anderson seeks to recover in the Receiver Action would be distributed not only to Mantria's investors – the putative class represented by Touchstone in this Action – but also Mantria's employees and creditors. *See* Receiver Action Compl. ¶ 3. Given the different legal claims and different interests represented in the two cases, the potential for prejudice and jury confusion is high, and consolidation is inappropriate. *See Nieto v. Kapoor*, 210 F.R.D. 244, 249 (D.N.M. 2002) (denying motion to consolidate where legal claims differed and one case contained additional defendants); *Servants*, 866 F. Supp. at 1572-73 (denying motion to consolidate where "actions involve several

separate factual issues, parties, and legal questions"); *Mark v. Fleming Cos.*, No. CIV. 96-506-M, 1997 WL 33642547, at *2 (W.D. Okla. Mar. 25, 1997) (denying motion to consolidate Exchange Act case brought by shareholders with Exchange Act case brought by note holders, where the latter contained an additional legal claim and named additional defendants).

The two cases also contain significant differences in how they are proceeding procedurally, which could cause delays and prejudice in one or both actions. This case is a purported class action under Rule 23, and will require briefing and discovery on the class certification issue. Also, discovery in this Action is stayed pending the outcomes of the motions to dismiss, under the PSLRA, 15 U.S.C. § 78u-4(b)(3)(B). Meanwhile, on July 12, 2012, Judge Jackson entered a scheduling order in the Receiver Action with dates for the close of discovery and trial. In addition, in the Receiver Action, Anderson and Defendant Tatum, LLC have stipulated to stay the litigation and arbitrate the claims between them. The significant procedural differences in the two cases may cause delays in one or both actions, which constitute another factor weighing against consolidation. *See Servants*, 866 F. Supp. at 1573 (citing, *inter alia*, *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1334 (10th Cir. 1988)); *Viesti*, 2012 U.S. Dist. LEXIS 60461, at *3; *Kirzhner*, 2011 WL 3568265, at *2; *Am. Family Mut. Ins. Co. v. Haslam*, Civil Action No. 09-cv-00724-DME-MEH, 2011 WL 3568240, at *2-3 (D. Colo. Aug. 12, 2011); *In re Spectranetics Corp. Sec. Litig.*, Civil Action No. 08-cv-02048-REB-KLM, 2010 WL 3951909, at *2 (D. Colo. Oct. 8, 2010).

The cases relied upon by Anderson in his Motion involve the consolidation of cases that were substantially more similar than the present Action and the Receiver action. *See In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478-79 (D.N.J. 1998) (consolidated actions involved the same defendants and claims under § 10(b) and § 20(a) of the Exchange Act); *Ryan Transp. Servs., Inc. v. Fleet Logistics, L.L.C.*, No. Civ. A.04-2445-CM, 2005 WL 2293598, at *4 (D. Kan. Sept. 19, 2005) (finding there to be "commonality of parties across all three lawsuits"); *Ferrari v. Impath, Inc.*, No. 03 Civ. 5667(DAB), 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004) ("Since every Complaint . . . is premised on the same facts and statutory provisions, consolidation is appropriate."). Nor does any of those cases mention any procedural differences that could cause delays to arise from consolidation. Thus, I find those cases to be inapposite to my ruling on Anderson's Motion.

Despite my ruling that consolidation is not warranted for all purposes, I note that there is an interest in preserving resources through consolidation of the cases for discovery. Indeed, three of the Defendants have indicated that they do not oppose consolidation for those limited purposes. However, as noted above, discovery in the two actions is currently in different stages. Thus, I find that consolidation is not appropriate at this time for any purpose. However, I will deny the Motion without prejudice so that a party may move to consolidate the cases for the purposes of discovery, should such consolidation become appropriate at a later time. In the meantime, I encourage the parties to cooperate to avoid unnecessary and duplicative discovery. *See Perez v. Pavlich, Inc.*, Civil Action No. 07-2576-CM, 2008 WL 4544379,

at *2 (D. Kan. Oct. 8, 2008) ("To the extent the same witnesses are involved in both cases . . . the parties are encouraged to cooperate during discovery to avoid unnecessary costs.").

## CONCLUSION

Based on the forgoing, it is hereby

ORDERED that Interested Party John Paul Anderson's Motion to Consolidate [ECF No. 42], filed April 3, 2012, is **DENIED WITHOUT PREJUDICE**. It is

FURTHER ORDERED that the clerk shall docket a copy of this Order in Civil Action No. 1:12-cv-00488-RBJ.

Dated: July 16, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE