**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-02971-WYD-KMT

TOUCHSTONE GROUP, LLC on behalf of
itself and all others similarly situated,

      Plaintiff,

v.

DANIEL J. RINK, TATUM, LLC,
SFN GROUP, INC., CHRISTOPHER
FLANNERY, ASTOR WEISS, KAPLAN
& MANDELL, ESTILL & LONG, LLC,
STEVEN GRANOFF, CPA, KRASSENSTEIN,
GRANOFF & UNGER, LLC, CARBON
DIVERSION, INC., TRACS GROWTH
INVESTMENT, and JOHN DOES 1-100,

      Defendants.

## STIPULATION AND PROTECTIVE ORDER

      Defendants Tatum, LLC ("Tatum") and Daniel J. Rink ("Rink") and plaintiffs Touchstone Group, LLC ("Touchstone") and Ronald and Margie Greenspan (the "Greenspans") hereby stipulate to the following terms and conditions of this Stipulation and Protective Order (the "Protective Order"):

      1.    Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulation and Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it

affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles, including Fed. R. Civ. P. 26(c)(1)(G).

2. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards set forth in the Federal Rules and the case law. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

3. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

4. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notify all other Parties that it is withdrawing the mistaken designation. The following definitions apply to this Protective Order:

a) "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

b) "Counsel" includes all attorneys of record and attorney members of the law firm of record representing parties in the Action (as defined below), all in-house counsel and

outside counsel engaged in connection with the Action for such parties, and all law clerks, paralegal assistants, secretaries, stenographic, and clerical employees thereof.

c) "Disclose" shall mean to show, give, produce, transmit, make available, reproduce, communicate, process, paraphrase, summarize, or excerpt, in whole or in part, by any means or medium.

d) "Documents" has the broadest meaning accorded it by the Federal Rules of Civil Procedure.

e) "Information" shall mean, refer to, and include documents, interrogatory answers, testimony, and transcripts or any other information extracted therefrom, and any other form in which information may be produced.

f) "Items of Information" shall mean, refer to, and include portions of documents, portions of interrogatory answers, portions of testimony and portions of transcripts.

g) "Materials" shall mean, collectively, Documents, Items of Information and Information as those terms are defined above.

h) "Party" or "Parties" refer to Touchstone Group, LLC, Ronald and Margie Greenspan, Daniel J. Rink, Tatum, LLC, Astor, Weiss, Kaplan, & Mandel LLP, Christopher Flannery, Estill & Long, LLC, Steven Granoff, Krassenstein, Granoff & Unger, LLC, Carbon Diversion, Inc., and Tracs Growth Investment, and shall include their respective agents, employees, officers and/or directors.

i) The "Action" shall mean the action styled *Touchstone Group, LLC v. Rink, et al.,* Case No.: 11-cv-02971-WYD (D. Colo.).

5. This Protective Order shall apply to those Materials that are designated as "Confidential" by Tatum, Rink, Touchstone or the Greenspans.

6. Materials may be designated as "Confidential" by the producing party if it is deemed, in good faith, that disclosure of any one of the Materials would be harmful if disclosed to others because they contain: (a) proprietary or sensitive business or personal information, (b) trade secrets, (c) investor information, or (d) information otherwise protected from public disclosure in accordance with applicable state or federal law.

7. Any Material that is produced without being designated "Confidential" may be so designated after any such Material is produced by the producing party or by any other party to the Action by sending a letter making such designation to each party who has received or produced such Material, with the Materials so designated. Disclosure of such Material prior to its designation as "Confidential" shall not violate the terms of this Protective Order, provided, however, that where Material is subsequently designated as "Confidential" the non-designating parties shall use their best efforts (a) to retrieve such Material from persons no longer entitled to disclosure of such Materials (if any) and (b) prevent further disclosures except as authorized in this Protective Order

8. The parties shall not be bound by the obligations of this Protective Order if Materials designated as "Confidential" (a) are, or become, public knowledge, other than through violation of the terms of this Protective Order or other obligation of confidentiality; (b) are acquired from a non-party in lawful possession of such information and under no obligation to the owner of the information to keep it confidential, unless the non-party producing the information invokes the protections of this Protective Order; (c) already are in the possession of the party to whom such Materials are produced; or (d) are authored by the party to whom such Materials are produced and that party does not designate such Materials as "Confidential."

9. Counsel, receiving information designated as "Confidential" shall treat the information as confidential, unless it loses such designation, in accordance with paragraph 7 above, or in accordance with paragraph 18 below.

10. "Confidential" information as defined herein shall not be disclosed, made available, or communicated to any person not listed below. "Confidential" information can only be disclosed to the following persons identified below:

j) The Parties in this Action;

k) The Court and appropriate court personnel;

l) Counsel for any Party in this Action;

m) Members of the legal, paralegal, secretarial or clerical staff of such counsel;

n) Any person who was either an author or recipient of the information in question prior to the intended disclosure in this case;

o) Any witness at an interview, investigation, trial, hearing or deposition in the Action, or in preparation thereof, where the disclosing counsel believes that showing the information to the witness will assist said counsel in the prosecution or defense of the claims in the Action;

p) Independent consultants, accountants and/or experts retained by any Party or its counsel for assistance in the prosecution or defense of claims in the Action;

q) Private arbitrators and mediators involved in resolving disputes over claims in the Action; and

r) Litigation support personnel actively involved in the Action, including, but not limited to, information technology personnel, e-discovery vendors, court reporters, court videographers, and copy vendors.

11. Any person to whom delivery, exhibition or disclosure of "Confidential" information is made shall be advised of the terms of this Protective Order. Further, all persons to whom counsel discloses "Confidential" information pursuant to paragraphs 10(e), (f), (g) or (h) of this Protective Order shall be informed that such information is "Confidential" and shall verbally agree to keep such information "Confidential." Each such person shall agree, prior to receiving "Confidential" documents or information, that they will not disclose the documents or information to any person not authorized to receive same pursuant to this Protective Order, and furthermore, that they shall not use the "Confidential" documents or information for any purpose not directly connected with the Action. In the event of a deposition, counsel for either Party shall require each deponent with whom counsel intends to review Confidential documents to acknowledge that the documents being reviewed are Confidential and that any Confidential documents reviewed during the course of said deposition shall be kept confidential.

12. The designation of documents or information as "Confidential" may be made by placing or affixing to every page containing the confidential information in question (without interfering with the legibility thereof) the legend "CONFIDENTIAL." Such designations shall be made consistent with paragraph 2 in this Order.

13. Any party or other person may designate any deposition testimony or any portion thereof (including exhibits) as "Confidential" by advising the reporter and all parties of such fact on the record during the deposition or in writing at any time within ten (10) business days after actual receipt of the deposition transcript by counsel for the designating party, or such other person. Unless any deposition transcript or portion thereof shall be designated "Confidential" as provided for in the preceding sentence, all said undesignated deposition transcripts or undesignated portions thereof shall not be deemed "Confidential." The court reporter shall also

be advised to limit distribution of the transcripts to the parties' counsel and the deponent (or his or her attorney).

14. Entering into, agreeing to or otherwise complying with the terms of this Protective Order shall not operate as an admission by any party that any particular Material that has been designated "Confidential" contains or reflects confidential and/or proprietary information or sensitive commercial or personal information or other confidential matter.

15. If information subject to a claim of attorney-client privilege, work product or any other privilege is inadvertently produced to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or any other privilege to which the producing party or person would otherwise be entitled, to the extent consistent with applicable law. To make a claim of inadvertent production, the producing party must send a letter to the opposing party notifying them of the inadvertent production and stating the factual and legal basis for the claim of privilege. The opposing party shall promptly return the claimed privilege Material. The party returning such Material may then move the Court for an order compelling production of the Material based on the producing party's letter setting forth the factual and legal basis for the claim of privilege, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production. If a party fails to send a letter setting forth both the factual and legal basis for the claim of privilege, any claim of inadvertent production shall be deemed waived.

16. No party to this Action is obliged to challenge the protected status of any Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a non-designating party seeks to challenge the appropriateness of protected treatment of any Material, such party shall send a letter to the

designating party listing the Material by bates number which the non-designating party intends to challenge. The designating party shall have seven (7) business days to respond in writing and set forth the legal and factual basis for the confidentiality designations pursuant to the Federal Rules of Civil Procedure, Local Civil Rules and governing case law.

17. In the event that no agreement is reached with respect to any Materials designated as "Confidential" and notwithstanding anything to the contrary herein, the designating party shall seek an order from the Court or Tribunal allowing the "Confidential" designation with respect to the disputed Material within five (5) days of being notified that the non-designating party maintains their challenge to a designation and the designating party, consistent with Fed. R. Civ. P. 26(c), shall bear the burden on any such application to the Court or Tribunal demonstrating that the Materials were properly designated as "Confidential." Any document, testimony or other Material as to which such a motion is made shall continue to be treated as "Confidential" until the Court or Tribunal rules or the motion is otherwise resolved.

18. If counsel intends to file "Confidential" information in or with the Court or Tribunal, then the non-designating party must initially file the documents as Restricted Documents pursuant to D.C. Colo.L.Civ.R 7.2. The designating party shall then have seven (7) days to file a Motion to Restrict Access pursuant to D.C. Colo.L.Civ. R. 7.2(B), (C). The Parties agree that the Court has the ultimate authority to decide whether certain materials should be sealed, and should the Court order that certain materials containing information designated as "Confidential" not be excluded from public access, the Parties shall be permitted to file the materials with the Court in a manner consistent with the Court's ruling.

19. If any party in possession of Material designated "Confidential" under this Protective Order receives a subpoena seeking production or other disclosure of such

"Confidential" Material by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, that party shall give prompt written notice both to counsel for the party who designated the Materials "Confidential" and to the party seeking such Material, to afford the designating party reasonable opportunity to pursue formal objections to such disclosures, and shall enclose a copy of the subpoena. Where possible, at least ten (10) business days' notice before production or other disclosure should be given.

20.     Upon final termination of the Action, all Material designated as "Confidential" including any copies thereof, shall be returned to the designating party or destroyed within sixty (60) days of such final termination, at the option of the persons receiving such information, and the receiving party shall provide written confirmation to the producing party of the return or destruction of such information.

21.     The parties agree forthwith to submit this Protective Order to the Court for approval, and further agree that, pending approval by the Court, this Protective Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

DATED this 25th day of June, 2013.

BY THE COURT:

_____
United States Magistrate Judge

| | |
|---|---|
| By: _____ | By: _____ |

By: _____
  Michael C. Marsh, Esq.
  Brian P. Miller, Esq.
  Ryan A. Roman, Esq.
  Naim S. Surgeon, Esq.
  **AKERMAN SENTERFITT**
  One Southeast Third Avenue, 25th Floor
  Miami, FL 33131
  Telephone: (305) 374-5600
  Facsimile: (305) 374-5095

  *Attorneys for Tatum, LLC*

By: _____
  Leif Garrison, Esq.
  Anthony Shapiro, Esq.
  Karl P. Barth, Esq.
  **HAGENS BERMAN SOBEL SHAPIRO LLP**
  1918 Eight Avenue, Suite 3300
  Seattle, WA 98101
  Telephone: (206) 623-7292
  Facsimile: (206) 623-00594

  -**AND**

  Simon B. Paris, Esq.
  Patrick Howard, Esq.
  Charles J. Kocher, Esq.
  **SALTZ, MONGELUZZI, BARRET & BENDESKY, P.C.**
  One Liberty Place, 52nd Floor
  1650 Market Street
  Philadelphia, PA 19103
  Telephone: (215) 575-3986
  Facsimile: (215) 575-3894

  *Attorneys for Plaintiffs Touchstone Group, LLC and Ronald and Marge Greenspan*

By: _____
Tamara F. Goodlette, Esq.
**ROTHGERBER JOHNSON & LYONS, LLP**
One Tabor Center, Suite 1300
1200 17th Street
Denver, CO 80202
Telephone: (303) 623-9000
Facsimile: (303) 623-9222

    **-AND-**

Patricia Hamill, Esq.
Andrew Gallinaro, Esq.
**CONRAD O'BRIEN PC**
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102
Telephone: (215) 864-9600
Facsimile: (215) 864-9620

*Attorneys for Defendant Daniel J. Rink*