IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02971–WYD–KMT

TOUCHSTONE GROUP, LLC on behalf of itself and all others similarly situated,

    Plaintiff,

v.

DANIEL J. RINK,
TATUM LLC,
CHRISTOPHER FLANNERY,
ASTOR, WEISS, KAPLAN & MANDEL LLP,
ESTILL & LONG, LLC,
CARBON DIVERSION, INC.,
TRACS GROWTH INVESTMENT, and
JOHN DOES 1-100,

    Defendants.

## ORDER

This matter is before the court on the parties' "Joint Status Report" [Doc. No. 185] filed October 18, 2013. It appears that several discovery issues require scheduling by this court.

It is therefore **ORDERED**:

1. Plaintiff Touchstone Group, LLC, Defendant Daniel J. Rink and Defendant Tatum LLC owe one another previously promised electronically stored information ("ESI"). All ESI owed by Plaintiff, Tatum and Rink, each to the other, will be produced in full on or before November 20, 2013.

2. Deadlines for class certification briefing are extended as follows.

   Plaintiff's Motion for Class Certification and supporting expert reports will be due on December 20, 2013.
   Defendants' Responses to Plaintiff's Motion for Class Certification and supporting expert reports will be due on January 21, 2014.
   Plaintiffs' Reply and rebuttal expert reports will be due on February 21, 2014.

3. The parties shall meet and confer concerning all outstanding discovery disputes on or before November 4, 2013. To the extent there remain outstanding discovery disputes after the conferral process, the following procedure will be followed:

   Counsel involved in the specifically disputed discovery will agree on a mutually convenient time to call the Court to set a forthwith informal discovery conference regarding disputed issues **about which they have fully conferred** but failed to reach agreement. **Call 303-335-2780**. No attorney may insist on contacting the Court for the informal discovery conference at a time when another attorney is not available. If an attorney is not available for a conference call to the Court to set the discovery conference when contacted by opposing counsel, s/he must provide opposing counsel with alternate dates and times to contact the Court.

   At the agreed upon time, the parties shall place a conference call to chambers and be prepared to concisely state the general disputed issues for the benefit of the law clerk answering the telephone. The law clerk will set the matter for an informal discovery conference either the same day or as soon thereafter as possible. The Court requires only one attorney of record on the line for each party involved in the dispute.

   At the date and time scheduled for the informal discovery conference, the parties shall place a conference call to the same court telephone number where they will thereafter be transferred to the courtroom to begin the conference with the court. Parties should be prepared to describe the general unresolved issues and the court may offer suggestions and interpretations intended to help the parties resolve the issues between them with the benefit of the court's guidance and insight. If the complexity of the issues so demands, the court may order the parties to submit briefing and a full contested discovery hearing may be scheduled at a later date.

4. To the extent the parties remain unable to resolve the discovery dispute after the informal conference and in the event the court has not ordered further briefing, either party may

proceed by appropriate motion which shall include a request for an expedited briefing schedule and hearing.

    5.    All other deadlines remain as previously set.

Dated this 21st day of October, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge