**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02971-CMA-KMT

TOUCHSTONE GROUP, LLC,
MARGRET GREENSPAN, and
RONALD GREENSPAN, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

DANIEL J. RINK,
TATUM, LLC,
ASTOR, WEISS, KAPLAN & MANDEL,
CHRISTOPHER FLANNERY, ESQ.,
STEVEN GRANOFF,
KRASSENSTEIN & UNGER, LLC,
ESTILL & LONG, LLC,
CARBON DIVERSION, INC.,
TRACS GROWTH INVESTMENT, and
JOHN DOES 1-100,

    Defendants.

---

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT,
AUTHORIZING DISSEMINATION OF CLASS NOTICE, AND SETTING A HEARING
ON FINAL APPROVAL**

---

WHEREAS, Plaintiffs Touchstone Group LLC, Margret and Ronald Greenspan, and the Released Parties: (1) Astor, Weiss, Kaplan & Mandel, LLP and Christopher P. Flannery; (2) Krassenstein & Unger, LLC and Steven L. Granoff; (3) Estill & Long, LLC; (4) Daniel Rink ("Rink"); and (5) Tatum, LLC ("Tatum") (collectively "Released Parties") have entered into Settlement Agreements between Plaintiffs, the Settlement Class, and the Released Parties to resolve the Mantria investor class action.

1

WHEREAS, Plaintiffs have filed their Motion for Preliminary Approval of Settlement; Preliminary Certification of the Settlement Class; and Authorization to Disseminate Class Notice and the Court has reviewed and considered the Motion, the supporting brief, the Settlement Agreements, and all exhibits thereto including the proposed class notice (the "Class Notice"), and finds there is a sufficient basis for granting preliminary approval of the Settlement Agreements, preliminarily certifying the Settlement Class, authorizing Class Notice to be disseminated to the Settlement Class, and setting a hearing at which the Court will consider whether to grant final approval of the settlement;

IT IS HEREBY ORDERED as follows:

1. Pursuant to the Plaintiffs' Motion for Preliminary Approval of the Settlement Agreements, the Court finds preliminarily and conditionally that the necessary prerequisites for certifying the Settlement Class under Fed. R. Civ. P. 23(a)(1-4) and (b)(3) are satisfied; and the Settlement Class shall be preliminarily and conditionally defined as:

> **ALL PERSONS OR ENTITIES WHO INVESTED IN ANY SECURITIES ISSUED OR PROMOTED BY MANTRIA CORPORATION OR SPEED OF WEALTH, LLC, OR ANY OF THEIR SUBSIDIARIES OR AFFILIATES SINCE SEPTEMBER 2007 AND INCURRED A NET LOSS OF THEIR INVESTMENTS (THE "SETTLEMENT CLASS").**
>
> **EXCLUDED FROM THE SETTLMENT CLASS ARE DEFENDANTS, MANTRIA CORPORATION, SPEED OF WEALTH LLC AND ANY OF THEIR OFFICERS, EMPLOYEES, OR AFFILIATES.**

2. The Court preliminarily approves the proposed settlement, finding that the terms of the July 10, 2013, and the February 14, 2014, Settlement Agreements between

Plaintiffs, the Settlement Class and the Released Parties are reasonable, just, fair, and adequate to warrant dissemination of the Class Notice to the Settlement Class. The Court finds that the Settlement Agreements contain no obvious deficiencies; are within the range of possible approval; and that the parties entered into the Settlement Agreements in good faith, following arm's length negotiations over the course of many months, and with the assistance of an independent mediator, The Hon. Richard W. Dana (Ret.).

3. The two Settlement Agreements propose to create a total Class Settlement Fund of $6,050,000 to be distributed exclusively to Mantria's investors after deduction of Court approved attorneys' fees, expenses, and any incentive payments to the Class Representatives. The Released Parties have agreed to fund the Class Settlement Fund with the following payments: (1) Tatum, LLC and Daniel J. Rink - $5,100,000; (2) Astor, Weiss, Kaplan & Mandel, LLP and Christopher P. Flannery - $750,000; (3) Krassenstein, Granoff and Unger and Steven L. Granoff - $100,000; and (4) Estill & Long, LLC - $100,000.

4. As described during the March 18, 2014, Court hearing, the Court-appointed Mantria Receiver also reached a settlement for a mutual release with Tatum, LLC and Daniel J. Rink for a separate payment of $800,000. The Receivership will include these proceeds in the Receivership Estate for distribution to Mantria's investors, creditors and employees after the Receiver obtains Court approval of the settlement and proposed distribution plan. In exchange for this payment, and in conjunction with an agreement reached amongst the parties, the Receiver has agreed to dismiss his

claims against Astor, Weiss, Kaplan & Mandel, LLP, Christopher P. Flannery, Krassenstein, Granoff and Unger and Steven L. Granoff.

5. The Court appoints Saltz Mongeluzzi Barrett & Bendesky, P.C. and Hagens Berman Sobol Shapiro LLP as Class Counsel under Rule 23(g) and Touchstone Group, LLC, Margret and Ronald Greenspan as Class Representatives.

6. The Court hereby approves the form and procedures for disseminating the Class Notice of the proposed settlement to the Settlement Class as set forth in the Settlement Agreement. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law and due process.

7. Strategic Claims Services is hereby appointed as the Settlement Administrator and shall be responsible for administering the settlement in accordance with the provisions of the Settlement Agreement. The Settlement Administrator shall mail by standard first-class mail the Class Notice and post the Class Notice on a designated Class Website (www.mantriaclasssettlement.com). The Court reserves the right to amend the Class Notice approved by this Order as may be required to be consistent with the Settlement Agreement and any subsequent orders that the Court may enter in connection with the notice, opt-out, and objection procedures, Settlement Administration, or other matters related to the Settlement Agreement.

8. Any Settlement Class Member shall have the right to opt out of the Settlement Class and the settlement by sending a written request either by letter or

email requesting exclusion from the Settlement Class to the Settlement Administrator as set forth in the Class Notice. If sent by regular mail, it must be postmarked no later than the deadline provided for such exclusions stated in the Class Notice.  To be effective, the letter or email requesting exclusion from the Settlement Class must include the Settlement Class Member's full name, address, telephone number, date of birth, signature, estimated amount of losses sustained from the Scheme, and state his or her desire to be excluded from the Settlement Class.  Any Settlement Class Member who does not submit a timely and valid request for exclusion shall be subject to and bound by the Settlement Agreement and every order or judgment entered concerning the Settlement Agreement.

9. Any Settlement Class Member who objects to final approval of the Settlement Agreement and/or the amount of attorneys' fees must send a letter to the Settlement Administrator and the Clerk of Court as set forth in the Class Notice no later than the deadline provided for such objections in the Class Notice.  Each objection must include the Settlement Class Member's full name, address, telephone number, date of birth, estimated amount of losses sustained from the Scheme, and signature, and it must state all the reasons why the Settlement Class Member objects to the settlement. If the Settlement Class Member has objected to any other class action lawsuit during any time within the last five years, he/she must identify each lawsuit and describe the outcome of the objection.

10. The Court shall hold a Fairness Hearing addressing the final approval of the Settlement Agreement, an award of fees and expenses to Class Counsel, and

incentive payments to the Class Representatives, in Courtroom A602, for the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO.  At the Fairness Hearing, the Court will consider: (i) whether the settlement should be finally approved as fair, reasonable, and adequate for the Settlement Class; (ii) whether a judgment granting approval of the settlement and dismissing the lawsuit with prejudice as to Released Parties should be entered; and (iii) whether Class Counsels' application for attorneys' fees and expenses and incentive awards for the Class Representatives should be granted.

11. Any Settlement Class Member wishing to speak at the Fairness Hearing must send a letter stating his or her desire to appear in person, or through counsel, at the Fairness Hearing to the Clerk of Court and the Settlement Administrator no later than the deadline for such notice of intention to appear as set forth in the Class Notice. Such notice of intention to appear must include the Settlement Class Member's full name, address, telephone number, and signature.

12. The following schedule shall govern these settlement proceedings:

(i) Within fourteen (14) days of this Order, and pursuant to the Section 10.8 of the February 14, 2014, Settlement Agreement between the Plaintiffs, Settlement Class, Tatum, LLC, Rink, and the Receiver, the Receiver shall provide the presently available investor/investment loss information and documents to Class Counsel and to Counsel for Rink and Tatum to aid in determining the amount of distributions to individual investors and to confirm the amount of any claim by an investor opting out of the class settlement.

(ii) The Settlement Administrator must cause individual notice, substantially in the form attached to the Declaration of Anthony D. Shapiro dated March 20, 2014, as Exhibit A, to be mailed via first-class mail to all reasonably identifiable Settlement Class Members, and posted to the Class Website on or before **April 4, 2014**.

(iii) The parties to the Settlement Agreement shall submit any motions for final approval of the proposed settlement, including any for the approval of attorneys' fees and expenses for Class Counsel and incentive awards of Named Plaintiffs, prior to the Final Approval Hearing on or before **June 9, 2014**.

(iv) Settlement Class Members must postmark any letter objecting to the proposed settlement, or requesting exclusion from the proposed settlement, or stating they wish to appear at the Fairness Hearing on or before **June 30, 2014**;

(v) any reply memorandum in support of the Settlement or attorneys' fees shall be filed seven (7) days before the Fairness Hearing or before **July 11, 2014**;

(vi) the Fairness Hearing shall be held on **July 18, 2014, at 9:00 AM**; and

(vii) All Claim Forms shall be postmarked by Settlement Class Members no later than **75 days** following the Court's order granting final approval of the settlement.

13. Non-substantive changes and changes necessary to correct any inconsistency between the approved forms and the Settlement Agreements may be made by the mutual agreement of Class Counsel and counsel for the Released Parties.

14. All costs incurred in connection with distribution and publishing the Class Notice ("Notice and Administration Costs"), as well as administering the settlement, shall be paid out of the Settlement Class Fund as provided by the terms of the Settlement Agreements.

15. The Court reserves the right to adjourn the date of the Final Fairness Hearing without further notice to the Class, and retains jurisdiction to consider all further applications arising out of or in connection with the proposed settlement. The Court may approve the settlement, with such modification as may be agreed to by the Parties, if appropriate, without further notice.

SO ORDERED this __21st__ day of March, 2014.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge